UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TALHA RAMZAN,

                          Petitioner,

        v.

KRISTI NOEM, *et al.*,

                          Respondents.

Case No. C26-762-MLP

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Talha Ramzan is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention, and he seeks either immediate release from custody or, in the alternative, a bond hearing. (Dkt. # 1.) Respondents have filed a return to the petition (dkt. # 5), together with the supporting declarations of ICE Deportation Officer Robert Andron, Jr. (dkt. # 6), and Respondents' counsel Lawrence Van Daley (dkt. # 7). Petitioner has not filed a reply to the return. The Court, having reviewed the parties' submissions and the governing law, DENIES Petitioner's habeas petition (dkt. # 1).

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

## I.    BACKGROUND

Petitioner is a native and citizen of Pakistan. (*See* Andron Decl., ¶ 3; Van Daley Decl., Ex. 2 at 1.) He arrived in the United States on or about November 15, 2024, and was admitted as a visitor on a non-immigrant B2 visa with authorization to remain for a temporary period not to exceed May 14, 2025.[1] (Andron Decl., ¶ 3.) On April 9, 2025, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture with the Unites States Citizenship and Immigration Service ("USCIS"). (*Id.*, ¶ 4.) On February 2, 2026, Petitioner was a passenger in a car stopped by United States Border Patrol near the U.S./Canada border on suspicion of engaging in illegal border activities. (Andron Decl., ¶ 5; Van Daley Decl., Ex. 2 at 3.) Immigration checks revealed that Petitioner had overstayed his visa, and he was therefore detained and issued an NTA charging him with being removable under Section 237(a)(1)(C)(i) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227(a)(1)(C)(i), for failing to maintain the conditions of his non-immigrant status. (Andron Decl., ¶ 5; Van Daley Decl., Ex. 1 at 1.) Petitioner was thereafter transported to NWIPC. (Andron Decl., ¶ 5.)

//

//

//

---

[1] The record is somewhat unclear as to how long Petitioner was authorized to remain in the United States. Deportation Officer Andron avers that Petitioner was only authorized to remain until May 14, 2025, a period of six months. (Andron Decl., ¶ 3.) However, the Notice to Appear ("NTA") issued at the time Petitioner was taken into custody states that he was authorized to remain until January 10, 2029. (*See* Van Daley Decl., Ex 1 at 1.) Confusingly, the NTA also states that Petitioner failed to maintain his status because his I-94 expired on August 26, 2024, and he did not apply for a new one. (*Id.*) As Petitioner did not enter the United States until almost three months *after* the I-94 purportedly expired, this information must be incorrect. The inconsistencies in the record, and particularly the NTA, make it difficult to discern which details are accurate and which are not. Ultimately, however, the inconsistencies do not affect the outcome of this case.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 2

On February 20, 2026, Petitioner, represented by counsel, appeared before an immigration judge ("IJ") for a bond hearing under 8 U.S.C. § 1226(a).[2] (Andron Decl., ¶ 6.) The IJ denied bond upon finding Petitioner to be a flight risk. (*Id*.) On February 20, 2026, Petitioner also appeared *pro se* before an IJ for an individual hearing. (*Id.*, ¶ 7; Van Daley Decl., Ex. 4.) Petitioner conceded removability, withdrew his application for asylum, and requested voluntary departure. (*Id.*) The IJ denied voluntary departure and ordered Petitioner removed to Pakistan. (*Id.*) Petitioner waived his right to appeal and the IJ's order therefore became final on the day of issuance. (*Id.*)

Petitioner filed the instant habeas action on March 5, 2026, alleging that the bond hearing he received in February 2026, was constitutionally inadequate. (*See* dkt. # 1 at 11-12.) On March 18, 2026, ICE served Petitioner with a Notice of Imminent Removal Pursuant to 8 C.F.R. § 241.4(g)(4) which indicated ICE was in possession of a travel document for Petitioner and that it expected his removal to be effectuated in April 2026. (Andron Decl., ¶ 8; Van Daley Decl., Ex. 5.) Petitioner signed the form and indicated he wanted to return to Pakistan and did not want to remain in the United States. (Van Daley Decl., Ex. 5 at 2.)

## II.    DISCUSSION

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner claims that the bond hearing he was afforded after being taken into custody did not satisfy constitutional due process because the government was not required to prove by clear and convincing evidence that his continued detention was justified. (Dkt. # 1 at 11-12.) Petitioner

---

[2] In his petition, Petitioner represents to the Court that the bond hearing was conducted on February 17, 2026. (Dkt. # 1 at 5.) The Court observes, however, that the precise date of the hearing is immaterial to resolution of the petition.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3

requests immediate release from custody or, in the alternative, a new bond hearing that comports with due process. (*Id.* at 13.)

The parties agree that at the time Petitioner was originally taken into ICE custody, his detention was governed by 8 U.S.C. § 1226(a). (*See* dkt. # 1 at 6-7; dkt. # 5 at 3-4.) Section 1226(a) grants the Department of Homeland Security ("DHS") the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings. *See* 8 U.S.C. § 1226(a); *Avilez v. Garland*, 69 F.4th 525, 529-30 (9th Cir. 2023). As noted above, Petitioner's bond hearing was conducted pursuant to § 1226(a). However, the standard of proof applied at the hearing is immaterial here.

Respondent argues, and Petitioner does not dispute, that DHS's detention authority shifted from § 1226(a) to 8 U.S.C. § 1231(a), following entry of the final order of removal on February 20, 2026. (Dkt. # 5 at 7-8.) Section 1231(a) provides generally that when a noncitizen is ordered removed, the government shall remove the noncitizen within a period of 90 days (the "removal period") and shall detain the noncitizen during the removal period. *See* 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A). Detention may continue beyond the 90-day removal period if removal remains reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner is at this juncture well within the 90-day removal period and he is therefore subject to mandatory detention. Thus, any challenge to the constitutional adequacy of his bond hearing is effectively moot.

### III.    CONCLUSION

Based on the foregoing, the Court ORDERS:

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 4

(1)    Petitioner's petition for writ of habeas corpus (dkt. # 1) is DENIED and this action is DISMISSED.

(2)    The Clerk shall direct copies of this Order to all counsel of record.

DATED this 2nd day of April, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 5